IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EVERTON BARTLEY,                      :
                                      :
          Petitioner                  : CIVIL NO. 4:CV-05-1742
                                      :
     v.                               :
                                      : (Judge Jones)
                                      :
JOSEPH V. SMITH, WARDEN               :
                                      :
          Respondent                  :
                                      :

**MEMORANDUM AND ORDER**

September 1, 2005

**Background**

Everton Bartley[1] ("Petitioner" or "Bartley"), an inmate presently confined at the

United States Penitentiary, Lewisburg, Pennsylvania, ("USP-Lewisburg"), initiated this

pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  An

application requesting leave to proceed in forma pauperis was filed along with the

petition.  Named as Respondent is USP-Lewisburg Warden Joseph V. Smith.  For the

reasons outlined below, the Petition will be denied without prejudice to any right

_____

    [1] Bartley lists three aliases, Frederick Alexander Martin, Frederick A. Martin and
Erwin Dexter Dratte.

Bartley may have to reassert his present claims in a properly filed civil rights complaint.

Bartley states that he was convicted of drug related offenses following a jury trial in the United States District Court for the Western District of North Carolina. Petitioner indicates that he is presently serving a life sentence without the possibility of parole.  However, his instant Petition does not challenge either the legality of his federal criminal conviction or the resulting sentence.

Rather, Bartley claims that he was subjected to a discriminatory removal from his institutional employment.  Specifically, Petitioner contends that he was subjected to a "race based dismissal from UNICOR" caused by his supervisor's "biased attitude, conduct and behavior."    Doc. 1, ¶ 9(b).  His Petition adds that although prison officials are apparently claiming that his job removal was due to the presence of an immigration detainer, that reasoning is flawed because although he was previously the subject of an "Immigration Hearing" and "there was no decision to deport me made at that time" and there was never an immigration proceeding initiated as a result of his ongoing federal sentence.  Id. at (a).  Bartley adds that he was been denied due process with respect to his subsequent administrative grievance.  It is also noted that Bartley's petition does not specify what type of relief he is seeking from the Court.

**DISCUSSION:**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134,141 (4th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Fourth Circuit Court of Appeals also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where

the deprivation of rights is such that it necessarily impacts the fact or length of

detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

From a careful review of the petition, it is clear that Bartley does not challenge

the legality of either his underlying criminal conviction or resulting sentence.  He also

does not allege that his sentence has been improperly calculated or otherwise attack the

length of his present incarceration.  Rather, Bartley seeks relief solely on the grounds

that he was subjected to an unconstitutional loss of institutional employment at USP-

Lewisburg.

Petitioner clearly indicates that the purportedly unconstitutional actions taken by

federal prison officials did not include a loss of good time credits or otherwise extend

the length of his confinement.  Thus, the purported constitutional misconduct did not

adversely affect the fact or duration of Petitioner's ongoing federal incarceration.  See

Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)

(McClure, J.) (alleged improper placement in administrative confinement is not a basis

for relief under § 2241).  Accordingly, "habeas corpus is *not* an appropriate or

available federal remedy." Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the Petition will be denied as meritless without prejudice to any

4

right Bartley may have to reassert his present claims in a properly filed civil rights

complaint.[2]  See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June

17, 1999 M.D. Pa.) (Munley, J.) (challenge to to IFRP refusal status not properly

asserted in habeas petition) and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip

op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be

allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed,

without prejudice, as they are not habeas corpus claims, but rather claims relating to

the conditions of his confinement that should more appropriately be brought under the

Civil Rights Acts.").[3]

   **IT IS HEREBY ORDERED THAT:**

   1.     Petitioner's application requesting leave to proceed in forma pauperis is

          granted for the sole purpose of filing this action.

   2.     The Petition for Writ of Habeas Corpus  is dismissed without prejudice.

   3.     Petitioner may reassert his present claims in a properly filed civil rights

          action.

---

   [2]  In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Bartley may file based upon the facts asserted herein.

   [3]  Attached to this order are two (2) copies of this Court's form civil rights complaint, which Bartley may employ if he chooses to file a civil rights complaint.  Also attached for his use is this Court's form application to proceed in forma pauperis and authorization form.

4.      The Clerk of Court is directed to close the case.

5.      Based on the Court's conclusion, there is no basis for the issuance of a

certificate of appealability.


                                         s/ John E. Jones III
                                         JOHN E. JONES III
                                         United States District Judge